FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WALDEN; and TIFFANY WALDEN, <br><br>        Plaintiffs, <br><br>        v. <br><br>WHITE STAR INVESTMENTS LLC, <br><br>        Defendant. | No. 1:24-cv-03172-SAB <br><br>**ORDER TO AMEND** |

Before the Court are Plaintiffs' Motion to Disqualify Counsel, ECF Nos. 84 and 111, and Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 82. Plaintiffs are pro se. Defendant is represented by Justin Derek Leigh. The motions were considered without oral argument.[1]

## BACKGROUND

This action was filed on November 1, 2024, with White Star Investments LLC ("White Star") and Larry Allen Palitayan Tourangeau named as defendants. On March 27, 2025, Arther R. Mora filed a Notice of Appearance on behalf of then-Defendant Tourangeau. However, Mr. Mora filed a Motion to Withdraw as counsel due to health issues on March 23, 2026.

At a pretrial conference on March 25, 2026, the Court granted Mr. Mora's Motion to Withdraw. Furthermore, the Court granted Plaintiffs' request to dismiss then-Defendant Tourangeau because Plaintiffs only wished to pursue claims

---

[1] Pursuant to LCivR 7(i)(3)(B)(iii), oral argument is not necessary.

**ORDER TO AMEND #1**

against White Star in this matter. The Court instructed Defendant White Star to obtain counsel, and the parties then agreed to a status conference on May 14, 2026. The Court subsequently issued an order addressing multiple pretrial motions and denying a Motion to Dismiss that had been filed by Mr. Tourangeau on March 23, 2026, because Mr. Tourangeau had been dismissed from this matter and the only remaining defendant was a corporation and therefore required legal counsel.

On April 1, 2026, Mr. Leigh filed a notice of appearance on behalf of Defendant White Star. On April 2, 2026, Mr. Leigh filed a Motion to Dismiss, asserting that Plaintiffs have failed to allege facts giving rise to a defamation claim against Defendant White Star as a legal entity and failed to raise any facts whatsoever giving rise to a trademark claim. For their part, Plaintiffs filed a Motion to Strike, contending that the Motion to Dismiss is untimely and invalid because Defendant White Star is "in default under Rule 55" and has "abandon[ed] the case." On April 9, 2026, the Court issued an Order, clarifying that Defendant White Star is not in default and the case has not been abandoned. The Order further directed Plaintiffs to file a substantive response to the Motion to Dismiss. Plaintiffs subsequently filed two responses, contending that (1) the Motion to Dismiss is procedurally barred, (2), Plaintiffs mailed their Motion for Entry of Default, ECF No. 88, before the Motion to Dismiss was filed, and (3) the Complaint satisfies the requirements of Rule 8 and *Twiqbal*.

On April 6, 2026, Plaintiffs' filed a Motion to Disqualify Mr. Leigh, asserting that there is a non-waivable conflict of interest at issue.

## MOTION TO DISQUALIFY

Plaintiffs seek to disqualify Mr. Leigh from representing Defendant White Star because Mr. Leigh is representing Mr. Tourangeau in related Washington State court proceedings. They assert, "Courts routinely disqualify counsel where an attorney attempts to represent both a corporate entity and an individual whose conduct is at issue," citing to *In re Grand Jury Subpoena*, 415 F.3d 333, 338–39

**ORDER TO AMEND #2**

(4th Cir. 2005). The Court would first note that this is a non-binding decision from outside of the Ninth Circuit. Moreover, the section of that case to which Plaintiffs cite have nothing to do with their proposed argument: in that case, the court was determining whether attorney-client privilege applied to employees who spoke to attorneys from the corporation who were investigating the employees. The case had nothing to do with whether a corporation and an agent of that corporation could be represented by the same attorney in separate proceedings.[2]

It is undisputed that Mr. Tourangeau is the only agent for Defendant White Star, yet Plaintiffs claim—without any supporting citation whatsoever—that Mr. Tourangeau's dismissal from this lawsuit bars him from obtaining counsel for Defendant White Star within the scope of his role as agent. The Court finds this argument to be baseless; moreover, Plaintiffs' argument would result in an unworkable outcome where Defendant White Star would be unable to retain counsel because Mr. Tourangeau is the sole agent and therefore the only individual with the authority to obtain counsel on Defendant White Star's behalf.

Plaintiffs further assert—without any factual allegation or evidence—that Defendant White Star and Mr. Tourangeau's interests are directly adverse under Rule of Professional Conduct 1.7 because Defendant White Star may attempt to shift blame to Mr. Tourangeau and vice versa. They further assert that this creates an unwaivable conflict under Rule of Professional Conduct 1.7(b)(3).

Plaintiffs' arguments lack merit: they have failed to show how Mr. Tourangeau's interests are adverse to Defendant White Star's, and—even assuming the interests were shown to be adverse— Rule of Professional Conduct 1.7(b) allows concurrent representation of clients despite a conflict of interest if four prongs are satisfied. Plaintiffs assert that the third prong is not satisfied; however, the third prong merely requires that the representation does not involve

---

[2] Plaintiffs are cautioned not to overly rely on the use of AI such as ChatGPT, as the use of AI-generated citations that lack merit may result in sanctions.

**ORDER TO AMEND  #3**

the assertion of a claim by one client against the other client. The record is completely devoid of any claims between Mr. Tourangeau and Defendant White Star. The Motions to Disqualify are **denied**.[3]

## MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiffs allege claims against Defendant White Star for defamation under Washington State law, as well as a claim that Defendant White Star "stole" their business name, ostensibly an allegation of violation of trademark law.[4]

To state a defamation claim under Washington State law, a plaintiff must show (1) the defendant made a false statement, (2) unprivileged communication of the statement, (3) the defendant was at fault for making the statement, and (4) "*the statement proximately caused damages.*" *M.G. v. Bainbridge Island Sch. Dist. #303*, 34 Wash. App. 2d 51, 75 (2025) (emphasis added). The burden of establishing a prima facie case lies with the plaintiff and he or she must allege "specific, material facts, rather than conclusory statements." *LaMon v. Butler*, 112 Wash. 2d 193, 197 (1989).

---

[3] The Motion at ECF No. 84 also relied on the ABA Model Rules, which do not govern the issue of conflicts in the state of Washington.

[4] With regard to the business name identity theft claim, Plaintiffs have failed to plead a federal trademark claim under the Lanham Act because they have not alleged any use of the business name by Defendant White Star. *See* 15 U.S.C. § 1125. Plaintiffs have also not identified a state cause of action for this conduct and the Court declines to comb the statutes in an attempt to identify one.

**ORDER TO AMEND #4**

Under Washington State law, a corporation can only act through its agents; thus, if an agent engages in illegal activity while acting within the scope of their corporate authority, the corporation itself may be liable. *Mauch v. Kissling*, 56 Wash. App. 312, 316 (1989).

First, Plaintiffs assert that the Motion to Dismiss is procedurally barred by Federal Rules of Civil Procedure 12(b), 12(g)(2), and 12(h)(1). Rule 12(b) states that a motion to dismiss for failure to state a claim must be filed before any responsive pleading. Rule 12(g)(2) prohibits a party from filing a Rule 12 motion that raises a defense that was available to the movant but omitted from its prior motion. Rule 12(h)(1) lists the circumstances under which a party waives any defense listed in Rule 12(b)(2)–(5). Defendant White Star has not filed any responsive pleadings prior to the current Motion to Dismiss,[5] which is brought under Rule 12(b)(6). Therefore, none of the cited Rules are applicable to the circumstances in this matter.

Second, Plaintiffs contend that the Motion to Dismiss should be denied because their Motion for Entry of Default was mailed to the Clerk's Office and emailed to Mr. Leigh one day prior to his filing of the Motion to Dismiss. This argument fails: Federal Rule of Civil Procedure Rule 5(d)(2) clearly states that nonelectronic filings are considered "filed" when they are delivered to the Clerk of Court. Despite registering for ECF access on May 30, 2025, Plaintiffs elected to file their documents via paper mail and thus they were filed once received by the Clerk's Office, which occurred four days after the Motion to Dismiss was filed.

Finally, Plaintiffs assert that their Complaint satisfies the pleading standard articulated in Rule 8, *Trombly*, and *Iqbal*. While it is true that the Complaint

[5] With regard to Plaintiffs' argument that Mr. Tourangeau's prior Motion to Dismiss implicates Rule 12(b) and (h), the Court notes that Motion was filed by a non-attorney ostensibly on behalf of a corporate entity; it was therefore barred under the applicable Rules and caselaw and invalid for the purposes of Rule 12 analysis.

**ORDER TO AMEND  #5**

alleges defendant made a false statement that was then communicated without privilege, Plaintiffs have failed to show how these statements caused their alleged damages. Plaintiffs seek $2.5 million "for the loss of wages related farming" and "loss of potential job." Plaintiff Christopher Walden asserts that he was passed over for a position at the Yakima Training Center because it was tagged in one of the allegedly defamatory posts. However, Plaintiffs have alleged no "specific, material facts" to support this "conclusory statement." *See LaMon*, 112 Wash. 2d at 197.

Even assuming Plaintiffs had asserted facts indicating their damages were caused by the internet posts, Plaintiffs have failed to draw a salient connection between the posts and Defendant White Star as a corporate entity. Plaintiffs have provided evidence that the posts are associated with a phone number and IP address registered to Defendant White Star, however, Plaintiffs still fail to demonstrate a connection between the posts and an agent of Defendant White Star *acting within their corporate authority* on behalf of the corporation. The posts are clearly reflective of an individual harboring animosity towards Plaintiffs—something that appears to be reflected in Plaintiffs' pending Washington State court case against Mr. Tourangeau—but Plaintiffs fail to allege how any individual would have possibly been acting within their corporate authority on behalf of Defendant White Star when making the various posts.

For these reasons, the Motion to Dismiss is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Motion to Disqualify Counsel, ECF Nos. 84 and 111, are **DENIED**.

2.      Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 82, is **GRANTED**.

3.      Plaintiffs' Complaint is subject to dismissal. However, Plaintiffs may file a proposed Amended Complaint to cure, if possible, the deficiencies noted

**ORDER TO AMEND  #6**

above, on or before **June 10, 2026**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will enter an order dismissing this matter.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to pro se Plaintiffs and defense counsel.

**DATED** this 13th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER TO AMEND  #7**