FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WALDEN; and TIFFANY WALDEN, <br><br> Plaintiffs, <br><br> v. <br><br> WHITE STAR INVESTMENTS LLC, <br><br> Defendant. | No. 1:24-cv-03172-SAB <br><br> **ORDER OF DISMISSAL** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 123. Plaintiffs are pro se. Defendant is represented by Justin Derek Leigh. The motion was considered without oral argument.[1]

On May 13, 2026, the Court ordered Plaintiffs to file an amended complaint to cure several deficiencies. Plaintiffs filed an amended complaint on June 7, 2026. In addition to failing to cure the deficiencies of the original complaint, the amended complaint additionally presents a threshold issue regarding jurisdiction.

As a preliminary matter, the amended complaint does not show that this Court has jurisdiction over this matter. Plaintiffs assert diversity jurisdiction under 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, an LLC is a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The amended complaint asserts that Defendant "is alleged to be a citizen of Missouri for diversity purposes" because "Plaintiffs' prior pleadings identified [Defendant] with a

---

[1] Pursuant to LCivR 7(i)(3)(B)(iii), oral argument is not necessary.

**ORDER OF DISMISSAL # 1**

Missouri address. The only other mention of Missouri is that a phone number connected to Defendant was associated with a Missouri billing address. The amended complaint makes no mention whatsoever regarding the citizenship of an owner or member of Defendant White Star Investments LLC. Therefore, the motion to dismiss is **granted**.

Even assuming the amended complaint established diversity jurisdiction, it still fails to cure the deficiencies noted in the Court's prior order to amend the original complaint. In its prior order, the Court noted that Plaintiffs failed to connect the internet posts at issue with the alleged damages in a manner sufficient to state a plausible defamation claim under Washington state law:

> Even assuming Plaintiffs had asserted facts indicating their damages were caused by the internet posts, Plaintiffs have failed to draw a salient connection between the posts and Defendant White Star as a corporate entity. Plaintiffs have provided evidence that the posts are associated with a phone number and IP address registered to Defendant White Star, however, Plaintiffs still fail to demonstrate a connection between the posts and an agent of Defendant White Star *acting within their corporate authority* on behalf of the corporation. The posts are clearly reflective of an individual harboring animosity towards Plaintiffs—something that appears to be reflected in Plaintiffs' pending Washington State court case against Mr. Tourangeau—but Plaintiffs fail to allege how any individual would have possibly been acting within their corporate authority on behalf of Defendant White Star when making the various posts.

Plaintiffs amended complaint does not cure the issues previously noted by the Court. It simply adds additional conclusory language: for example, "Plaintiffs allege that the defamatory acts were undertaken by Defendant's sole agent while acting within the scope of his corporate authority and on behalf of Defendant." In

**ORDER OF DISMISSAL # 2**

light of Plaintiff's failure to adequately amend their complaint, the motion is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Defendant's Motion to Dismiss, ECF No. 123, is **GRANTED**.

2.   The above-captioned case is **DISMISSED with prejudice** and without costs or attorney's fees.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to Plaintiff, and **close** the file.

**DATED** this 11th day of August 2026.



Stan Bastian
Chief United States District Judge

**ORDER OF DISMISSAL # 3**